(132 So. 438)

## WYLIE v. STATE.

### 8 Div. 220.

Court of Appeals of Alabama.

Feb. 10, 1931.

Viola V. McCarty, of Tuscumbia, for appellant.

RICE, J.

Appellant was convicted of the offense of grand larceny.

It was undisputed that an automobile belonging to one Striplin, and of the value of $650, was stolen by two boys other than appellant, and that shortly thereafter the car was recovered by officers, with appellant and said two boys riding therein.

There was evidence offered on behalf of the state from which it could be inferred that appellant "counseled" the taking of the said automobile by the two boys mentioned, and that immediately thereafter he assumed, with them, its possession, and remained in such possession until the time of his arrest, and the recovery of the car by the officers, some hours later, and scores of miles from the scene of the original taking. We are of the opinion, and hold, that this testimony fairly made a case against appellant fit to be solved only by the jury, in the first instance, and that it was sufficient to sustain said jury's verdict finding appellant guilty as charged. There was therefore error neither in refusing to give at appellant's request the general affirmative charge in his favor, nor in overruling his motion for a new trial. 16 C. J. 134; Griffith v. State, 90 Ala. 583, 8 So. 812; Code 1923, § 3196.

We have carefully examined what is shown by the bill of exceptions with reference to the alleged improper communication between the court and the jury considering appellant's case, after the said jury had retired to the jury room for its deliberations. No novel propositions of law are raised by any-

thing observed. It appears merely that the court declined to communicate with the jury, at a late hour at night, whereupon, shortly after the request for communication was made by the jury, it returned a verdict finding appellant guilty. It is not conceived by us that there was anything improper in the action of the court, or that appellant's cause "could have been injured" thereby.

We find nowhere any prejudicial error, and the judgment of conviction is affirmed.

Affirmed.